**Sigfredo Alexander BONILA–CORTEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–72396.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2012.*

Filed Nov. 16, 2012.

Sigfredo Alexander Bonila–Cortez, pro se.

Charles S. Greene, Trial, OIL, DOJ–U.S. Department Of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Sigfredo Alexander Bonila–Cortez, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Bonila–Cortez's motion to reopen as untimely where it was filed nearly four and a half years after his order of removal, *see* 8 C.F.R. § 1003.23(b)(4)(ii) (an alien seeking to reopen and rescind an in absentia removal order based on exceptional circumstances must file the motion within 180 days), and Bonila–Cortez failed to establish that he qualified for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 678–80 (9th Cir. 2011) (equitable tolling is available to a petitioner who establishes that he suffered from deception, fraud or error, and exercised due diligence in discovering such circumstances).

It follows that the BIA did not violate Bonila–Cortez's due process rights by denying the motion. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process claim); *see also Valencia–Fragoso v. INS*, 321 F.3d 1204, 1206 (9th Cir.2003) (per curiam) ("It is well settled that if an alien is provided proper written notice of a removal hearing and fails to attend, the immigration judge is required to enter an in absentia order of removal." (internal citation omitted)).

Bonila–Cortez's contention that the IJ's decision violated his due process rights because it was inadequate is unsupported and unavailing. *See Najmabadi v. Holder*, 597 F.3d 983, 990–91 (9th Cir.2010).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In light of our disposition, we need not address Bonila–Cortez's remaining contentions.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.